UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS RAY HUGILL,<br><br>        Petitioner,<br><br>v.<br><br>JOHANNA SMITH,<br><br>        Respondent. | Case No. 1:08-CV-00314-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court is Respondent Johanna Smith's Motion to Dismiss. (Dkt. 36.) Petitioner Dennis Hugill has filed an Objection to Incomplete Lodged Record and a Response to the Motion to Dismiss. (Dkt. 38 & 39.) Having reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. Accordingly, the Court enters the following Order.

**PETITIONER'S OBJECTION TO INCOMPLETE LODGED RECORD**

      Petitioner asks the Court to expand the record with items from the state court record that Respondent did not lodge. Respondent points out that because Petitioner did not file an appeal from his unsuccessful post-conviction application, there is not a formal "Clerk's record" in the case. Rather, Respondent compiled and submitted only those

**MEMORANDUM DECISION AND ORDER - 1**

items that she considered relevant to the question of procedural default, cause and prejudice, and miscarriage of justice.

Petitioner asserts that "the complete case file, and all transcripts and Clerk's records in Bonneville County Case No. CV-2007-2769 and in Case No. CV2004-333, and all appellate court files related to his criminal case" should be lodged with the Court. Petitioner also requests that the original police report be made a part of the record. Petitioner further requests that a copy of the entire record be provided to him, including the order to permit Attorney Rocky Wixom to withdraw from his criminal case.

Because other portions of the post-conviction record that have not been lodged may be relevant to Petitioner's cause and prejudice arguments that his counsel had conflicts of interest or performed ineffectively, as discussed more fully below, the Court will order Respondent to lodge the remainder of the post-conviction record that has been transcribed and provide a copy to Petitioner, and Petitioner will be permitted time to review the record and file a supplement to support his cause and prejudice arguments. Respondent shall also lodge a copy of the original police report and provide a copy to Petitioner if that document is in Respondent's possession.

The Court will also provide the previously-lodged state court records to Petitioner, with the exception of the presentence investigation report, which is not relevant to the preliminary procedural issues at hand. Idaho Criminal Rule 32 prohibits convicted persons from possessing their presentence investigation reports. Because some of Petitioner's claims involve the presentence investigation report, if the case proceeds to the

**MEMORANDUM DECISION AND ORDER - 2**

merits, Court will order that the PSI be produced for Petitioner's inspection (rather than possession), and Respondent may argue at that time that the PSI should be produced in redacted form for confidentiality and security purposes.

## RESPONDENT'S MOTION TO DISMISS

**1.     Background**

Petitioner's federal habeas corpus action was previously stayed to permit Petitioner to complete his final state post-conviction action. After doing so, Petitioner filed an Amended Petition and this case was re-opened on December 8, 2009.

Upon review of Petitioner's Amended Petition, the Court dismissed three of Petitioner's claims for the following reasons: (1) the Second Amendment right to bear arms is not implicated by Petitioner's participation in a presentence investigation; (2) the Ninth Amendment does not provide for an independent cause of action;[1] and (3) the Eighth Amendment applies only after conviction, and, further, the Eighth Amendment is not implicated by Petitioner's participation in a presentence investigation after conviction.[2]

On March 29, 2010, Respondent filed the Motion to Dismiss, contending that all of Petitioner's remaining claims are procedurally defaulted. Respondent characterizes Petitioner's claims as follows: (1) ineffective assistance of trial counsel for failing to

---

[1] In *Strandberg v. City of Helena*, 791 F.2d 744 (9th Cir. 1986) (civil rights context), the Ninth Circuit held that "the Ninth Amendment has not been recognized to independently secure any constitutional right." *Id*. at 748.

[2] *Graham v. Connor*, 490 U.S. 386, 393 & n. 6 (1989).

advise Petitioner of his constitutional rights, specifically, the right to have a competency hearing; (2)(a) lack of a competency hearing because the trial court allegedly knew Petitioner was under a doctor's care and was placed on medication by the county jail prior to trial that was different than his medication from the doctor; (2)(b) Petitioner's trial attorney failed to seek a psychiatric evaluation of Petitioner; (3) Petitioner's trial counsel was ineffective for failing to advise Petitioner of his Fifth Amendment rights and right not to participate in a pre-sentence investigation; (4) Petitioner's plea was not knowing and voluntary because he was taking medication at the time he pleaded guilty; and (5) trial counsel was ineffective for not advising the trial court that Petitioner could not plead guilty because of his use of medications.

**2.     Standard of Law Governing Procedural Default**

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on unexhausted claims. 28 U.S.C. § 2254(b). The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that he did not present the claim to the highest state court, but no state court remedy is available when he arrives in federal court

(improper exhaustion). *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must "invok[e] one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. at 845, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Improperly exhausted claims are deemed "procedurally defaulted." Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts, as discussed directly above; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground. *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

3. **Discussion of Procedural Default**

Respondent Johanna Smith relies on the appellate portion of the state court record for her contention that Petitioner presented none of his remaining claims to the Idaho Supreme Court. On direct appeal, Petitioner presented only one issue: "Did the district court abuse its discretion when it denied Mr. Hugill's motion to withdraw his *Alford* plea?" In the course of making this abuse-of-discretion argument, Petitioner raised an issue regarding his use of medication during the time period he entered the plea, but Petitioner did not raise a constitutional issue before the Idaho Court of Appeals or Idaho Supreme Court. Respondent argues that Petitioner did not contend that he was denied a constitutional right as a result of his use of medication at the time he pleaded guilty. Respondent further argues that the Idaho Supreme Court did not address the claim as a constitutional one, but only as a matter of whether Petitioner's motion to withdraw his guilty plea was properly granted under Idaho Criminal Rule 33(c).

Petitioner argues that a constitutional issue was presented and acknowledged by the trial court when it addressed Petitioner's argument that he should be permitted to withdraw his *Alford* plea because Petitioner was on medication at the time of the plea. Petitioner points to the plea withdrawal hearing where Judge Gregory Anderson stated: "Hugill's testimony is clearly incompetent," and Mr. Hugill is not in a position to testify as to the effects of medication on his intellectual capability." (State's Lodging A-3, 50:21-23; 51:20-22.) Petitioner has misinterpreted the meaning of these statements. Judge Anderson was discussing Petitioner's lack of training and expertise to testify about the

effects of medication on his ability to understand the proceedings as "incompetence" (a legal term), not Petitioner's alleged mental inability to reason or testify as "incompetence" (a mental health term). This is made clear because Judge Anderson's prefaced the at-issue remarks with the statement that "As a preliminary matter, let me comment and I'll cite some authority for this proposition that notwithstanding the testimony that took place here, I believe Mr. Mecham [a social worker] was in a position, based on his training and years of experience and observation to comment on the effects of medication." (State's Lodging A-3:50:10-16.)

It is clear from the record that Petitioner did not raise his withdrawal-of-guilty-plea issue as a federal claim in state court, but only as a state-law abuse-of-discretion claim. As a result, the claim is procedurally defaulted.

Petitioner did not make any headway in properly exhausting any federal claims in the post-conviction action. (State's Lodging C-1 to C-5.) After dismissal of Petitioner's case (State's Lodging C-6), he did not file an appeal (State's Lodging C-7). Thus, any claim presented in the post-conviction petition is procedurally defaulted. The Court agrees that Petitioner has not properly presented any federal claim contained in his current federal Habeas Corpus Petition to the Idaho Supreme Court, and, hence, his claims are all procedurally defaulted.

4.  **Cause and Prejudice Exception to Procedural Default Bar**

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of

**MEMORANDUM DECISION AND ORDER - 7**

adequate legal cause for the default and prejudice arising from the default; or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Petitioner's arguments for application of the cause and prejudice exception to his claims center on the actions of his various counsel. Because Petitioner has requested portions of the record that may be relevant to his arguments, the Court will permit Petitioner to review the record and file a response to the order to show that cause and prejudice should be applied to prevent dismissal of his case. Respondent may thereafter file a reply.

For Petitioner's benefit, the Court provides the following standards of law that could apply to his arguments, depending on which facts he is relying upon.

A petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551

(1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, any errors of his counsel during the post-conviction action cannot serve as a basis for cause to excuse Petitioner's procedural default of his claims. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("a petitioner cannot claim constitutionally ineffective assistance of counsel in [post-conviction] proceedings").

If a petitioner points to an instance of ineffective assistance of counsel during direct appeal that prevented the petitioner from properly exhausting his claims, he cannot rely on that instance unless he has first exhausted that particular ineffective assistance of counsel claim. If a petitioner has not exhausted any ineffective assistance of counsel claim, then he cannot rely on such a claim for "cause" in a "cause and prejudice" argument. *See Edwards v. Carpenter*, 529 U.S. 446 (2000) (ineffective assistance of counsel cannot serve as cause for the default of another claim unless the ineffective assistance of counsel claim is not itself procedurally defaulted or cause and prejudice for the default of the ineffective assistance claim can be shown).

Showing that an actual conflict of interest of counsel caused Petitioner to be denied access to habeas proceedings because counsel interfered with his right to petition the court may serve as cause for a procedural default because it is deemed external to Plaintiff. *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000). For example, in *Deutscher v. Angelone*, 16 F.3d 981, 984 (9th Cir. 1994), the court held that counsel was not acting on behalf of the petitioner where counsel filed a habeas corpus petition for the petitioner without the petitioner's knowledge or authorization.

**MEMORANDUM DECISION AND ORDER - 9**

# ORDER

**IT IS ORDERED:**

1. Respondent's Motion to Dismiss (Dkt. 36) is GRANTED in part because Petitioner's claims are procedurally defaulted, and CONDITIONALLY DENIED in part because Petitioner shall have an opportunity to show that the cause and prejudice or miscarriage of justice exceptions should be applied to his case.

2. Petitioner's Objection to Incomplete Lodged Record (Dkt. 38), treated as a request to expand the state court record, is GRANTED in part and DENIED in part. Respondent will be ordered to lodge the remainder of the post-conviction state court record and the original police report with the Court and provide a copy to Petitioner. The Clerk of Court shall provide Petitioner with a copy of the state court record already lodged (Nos. A-1 to A-3; B-1 to B-9; and C-1 to C-7).

3. Petitioner shall have thirty (30) days after receipt of the copy of the new state court records provided to him by Respondent in which to file a response showing that cause and prejudice should be applied to prevent dismissal of his case. Respondent may thereafter file a reply.

4. Failure to file anything further will result in dismissal of this case on procedural default grounds and entry of a final Judgment.

DATED: **March 10, 2011**



_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 11**